UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ERIC FLORES**,

    Plaintiff,

v.                                                  Civ. No. 12-1165 JCH/RHS

**U.S. ATTORNEY GENERAL;**
**U.S. DEPARTMENT OF HEALTH &**
**HUMAN SERVICES; and**
**PUBLIC HEALTH SERVICE NAMED**
**SIERRA MEDICAL CENTER,**

    Defendants.

**ORDER DISMISSING COMPLAINT**
**and ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on pro se Plaintiff Eric Flores's application to proceed in district court without prepaying fees or costs (hereinafter called "motion to proceed IFP"), filed November 13, 2012, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Thus, even if a litigant is indigent, if he is attempting to file a frivolous complaint,

permission to proceed IFP must be denied and the case must be dismissed. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory)

A complaint must be dismissed as frivolous under § 1915(e)(2)(B) if it is premised on a nonexistent legal interest or delusional factual scenario. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

> To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**I. Flores's Complaint is frivolous and delusional.**

Flores, a Texas resident and non-lawyer, has filed a 99-page Complaint entitled "Federal Tort Complaint Against Torture" that attempts to obtain class certification for several of his living and deceased family members and alleged friends (who also reside (or resided) in Texas) under the Federal Tort Claims Act. *See* Doc. 1 at 2, 9. The Complaint alleges that white "executive employees of the federal government" have used "deadly technology to cause the wrongful death" of several class members and that federal agents or agencies

> are using advanced technology with a direct signal to the satellite in outerspace [sic] that has the capability of calculateing [sic] a genetic code which causes the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

Compl. at 9, 10.  Flores has already unsuccessfully filed this complaint - or ones very similar to it - several times in various districts in Texas and the District of Columbia since 2010, and the dismissals of those complaints have been upheld on appeal.  *See, e.g., Flores v. United States Attorney General*, No. EP-11-CA-173 FM, Doc. 7 (W. D. Tex. May 18, 2011) (noting that Flores filed in the District of Columbia a complaint brought on "behalf of himself and several family members under the Federal Tort Claims Act. Flores alleges that agents of the United States Federal Government have been torturing him and his family via some sort of genetic-code-altering satellite," which was transferred to the Western District of Texas; that the "case is at least the third instance of Flores bringing an action on the basis of torture via satellite;" that all the cases were "dismissed as frivolous because, among other things, the facts alleged were fanciful, fantastic, and delusional;" and that Flores was attempting to avoid filing restrictions by filing the same suit in another federal district); *Flores v. United States Attorney General*, No. 11-50008 at 4 (5th Cir. July 27, 2011) (affirming district-court's dismissal order, filed in Western-District of Texas case number 3:10cv256 PRM/NJG, which dismissed as delusional Flores' complaint alleging that "[c]ertain executive employees of the federal government . . . are using advanced technology with a direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the petitioner and his immediate relatives different types of genetic virus[es] that cause severe pain which was equivalent in intensity to organ failure, brain damage, impairment of body functions, and death");  *Flores v. United States Attorney General*, No EP-10cv59 DB, Doc. 6 (W.D. Tex. Feb. 22, 2010) (dismissing similar complaint); *Flores v. United States Attorney General*, No EP-11cv116

PRM, Doc. 6 (W.D. Tex. March 31, 2011) (noting that Flores filed this same delusional complaint in the El Paso, San Antonio, and Austin divisions; that Flores is not licensed to bring complaints on the behalf of other persons; and that the complaint alleges that "federal defendants control satellites that send signals causing the modification of genetic code resulting in severe pain").

The Court need not waste more time and judicial resources explaining, once again, why Flores' Complaint is delusional and frivolous. His Complaint must be dismissed as frivolous under § 1915(e)(2)(B).

### II. Flores shall show cause why filing restrictions should not be imposed.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id.* at 353-54. When a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

The Court takes judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th

Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that Flores has engaged in an abusive pattern of filing frivolous lawsuits regarding the same matters in the federal courts, appearing pro se and without paying filing fees as set forth above. The Western District of Texas and the Fifth Circuit Court of Appeals have imposed monetary sanctions and filing and other restrictions against Flores for his abusive conduct. *See Flores v. United States Attorney General*, No. 3:10cv256 PRM/NJG Doc. 10 (W.D. Tex. Sept. 9, 2010) (noting that Flores has been monetarily sanctioned and that filing restrictions had been imposed, and prohibiting Flores from "approaching the Clerk of Court's counter to submit court filings" because of his abusive and threatening behavior), *aff'd* No. 11-50008 (5th Cir. July 27, 2011).

The burden Flores has placed on the federal courts because of his frivolous filings is extremely heavy. Flores shall show cause in writing, within 14 days of the filing of this Order, why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous suits in this District.

**IT IS ORDERED** that Flores's motion to proceed IFP (Doc. 2) is DENIED and the case is DISMISSED with prejudice under § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Flores shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against him. If Flores fails to respond, the Court will issue filing restrictions without further notice.

_____
**UNITED STATES DISTRICT JUDGE**